IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.                                                                                                 No. CR 10-2626 BB

**PEDRO LEONARDO MASCHERONI,**
also known as "Luke", and **MARJORIE
ROXBY MASCHERONI**,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        This matter comes before the Court for consideration of Defendants' Amended Motion for Reconsideration. [Doc. 219] The Court has considered the submissions of the parties and the applicable law, and held a status conference to discuss issues raised by the motion for reconsideration. For the reasons discussed below, the Court will deny the motion to reconsider and enter the latest proposed protective order submitted by the Government. However, that protective order must be read in conjunction with this opinion, and this opinion will be considered a supplement to the order.

        The protective order has two main objects: first, ensuring that any pleading that is filed with the Court, or any information disbursed for public consumption, is reviewed for classified status before it is made available to the public; and second, to control the use, storage, and handling of classified information by the attorneys involved in this case and other individuals who may come into contact with it. For purposes of the filing requirements, the protective order is broad in its coverage – every substantive pleading must be reviewed for classified status

before it is unsealed in whole or in part, so that no classified information is inadvertently made public.  In the filing context, the protective order will inevitably cover much information that will turn out not to be classified.  This will include information that is now in the possession of defense counsel or that may be generated in the future; any such information that is incorporated into a pleading will be subjected to a classification review, because every pleading will need to be submitted to the Classified Information Security Officer ("CISO") for pre-filing review.

On the other hand, the reach of the storage-and-handling aspect of the protective order is much more narrow.  The definition of "Classified Information" in the protective order includes Restricted Data or Formerly Restricted Data, as those terms are defined by statute; information that implicates national security and has been determined to do so pursuant to an executive order, statute, or regulation; any information that is derived from, or incorporates, or paraphrases information that has already been determined to be classified; and any material the Government notifies defense counsel contains classified information, or should be treated as classified information pending a classification review.  In other words, if the information is not already clearly classified, or if the Government has not notified defense counsel that certain material is classified or is to be treated as classified, counsel are free to treat it as unclassified for purposes of research, discussion with witnesses, location of storage, and other purposes.  This means defense counsel will not be required to guess whether certain information they may run across on the Internet, or from other sources, should be treated as classified or not; if they have not been notified to treat that type of information as classified they do not need to do so.

The only troublesome part of the protective order's definition of "Classified Information" is, of course, the treat-as-classified provision detailed above.  The Government stated in its response brief to the motion for reconsideration that the treat-as-classified provision will only be

invoked once the protective order is in place and the discovery materials are made available to defense counsel. At that point there will be two general types of information available to counsel in this case: the discovery materials provided by the Government, and the information independently generated by defense counsel, either from their clients or through their research efforts. Presumably the Government will notify defense counsel to treat as classified any discovery materials that have not yet been reviewed. According to the information provided at the status conference, this will consist of the remaining 20% of the documents that have not yet been reviewed, as well as all of the computerized data. This material will need to be handled, stored, and viewed in the same restrictive manner as classified information. On the other hand, approximately 40% to 50% of the already-reviewed documents do not implicate classified information and may be treated in the same manner as any unclassified information. Also, it is the Court's understanding from the status conference that the already-reviewed documents containing classified information will identify, with brackets or other markings, the specific portions of each document that are classified. Review of these discovery materials should provide defense counsel with a much better idea of the specific topics or types of information that must be considered classified. Any remaining doubt can be dissipated by submitting questionable information to the CISO, for classification review before it is treated as classified or unclassified.

  The remaining sticking point concerns information generated by defense counsel that will not be obtained during discovery. The Government's response brief, discussing this type of information, indicates the Government plans to notify defense counsel that they must treat as classified any information they generate which is "similar to the focused classified information forming the basis of the charges in this case," or is similar to information the defense already

knows is classified (for example, from a review of the bracketed or highlighted text contained in the already-reviewed discovery documents that will soon be provided). At the status conference the Court expressed concern about the vagueness of the term "similar," which does not provide much guidance to defense counsel, who must decide, for example, what information can be provided to staff members or witnesses who do not possess security clearances. Attempting to apply a vague standard of "similarity" is much more difficult than simply reading bracketed or highlighted text in a discovery document and being informed specifically that the text is classified.

At this stage, the Court is addressing the issue entirely in the abstract. The Government seems to feel the task of deciding what is "similar" will be simple, while defense counsel believes it could be fraught with peril. Absent a specific example of a "problem" document or internet-research topic or other piece of information, it is impossible for the Court to determine who has the better of this argument. The Court will therefore not make a definitive ruling, which would be premature in any event, as to whether the Government's "similarity" standard will be workable.

If defense counsel are in possession of certain information they wish to treat as unclassified, but are not sure whether this information qualifies as "similar" to classified information, they remain free to submit that information to the CISO for a classification review to confirm their view that it is unclassified. If the CISO's review determines it is actually classified, but defense counsel disagrees and has an important reason to treat the information as unclassified, the Court will entertain a motion on that subject, either *ex parte* or contested depending on the circumstances. The Court emphasizes, as it stated in the previous opinion, that this case will not be allowed to devolve into an endless series of challenges to classification

decisions. Therefore, the Court will only entertain challenges where there is an important reason defense counsel needs to treat the information as unclassified, and the information is not obviously the same as or similar to information that has already been determined to be classified. In other words, this procedure will only apply to information generated independently by defense counsel, as to which there is some doubt concerning its "similarity" to information already known to be classified.

Pursuant to the foregoing, the Court will enter a protective order in this case, governing the use and handling of Classified Information, as that term is defined in the protective order.

## ORDER

A Memorandum Opinion having been filed this date, it is hereby ORDERED that the Amended Motion for Reconsideration filed by Defendants (Doc. 219) be, and hereby is, DENIED.

Dated this 23rd day of March, 2012.

_____
BRUCE D. BLACK
Chief United States District Judge