# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Marjorie Roxby Mascheroni** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:10CR02626-002WJ**<br>USM Number: **58399-051**<br>Defense Attorney: **Erlinda Johnson** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 of Information (1:10CR02626-002WJ) and 6 and 16-22 of Indictment (1:10CR02626-002WJ)**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 42 U.S.C. Secs. 2274 (a) and 2014 | Conspiracy to Communicate Restricted Data; (1:10CR02626-001WJ; Information) | 10/31/2009 | 1 |
| 18 U.S.C. Sec. 371 | Conspiracy to Wit: False, Fictitious or Fraudulent Statement or Representation (1:10CR02626-001WJ; Indictment) | 10/31/2009 | 6 |

The defendant is sentenced as provided in pages 2 through **9** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Court has considered the United States Sentencing Guidelines and, in arriving at the sentence for this Defendant, has taken account of the Guidelines and their sentencing goals. Specifically, the Court has considered the sentencing range determined by application of the Guidelines and believes that the sentence imposed fully reflects both the Guidelines and each of the factors embodied in 18 U.S.C. 3553(a). The Court also believes the sentence is reasonable, provides just punishment for the offense and satisfies the need to impose a sentence that is sufficient, but not greater than necessary to satisfy the statutory goals of sentencing.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**8/20/2014**
Date of Imposition of Judgment

**/s/ William P. Johnson**
Signature of Judge

**Honorable William P. Johnson**
**United States District Judge**
Name and Title of Judge

**9/29/2014**

Date Signed

Date Signed

Defendant: **Marjorie Roxby Mascheroni**
Case Number: **1:10CR02626-002WJ**

## ADDITIONAL COUNTS OF CONVICTION

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 1001 (a)(2) | False, fictitious, or fraudulent statement or representation (1:10CR02626-001WJ; Indictment) | 10/31/2009 | 16-22 |

Defendant: **Marjorie Roxby Mascheroni**
Case Number: **1:10CR02626-002WJ**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **12 months and 1 day** .

**A term of 12 months and 1 day is imposed as each of Counts 1 of Information (1:10CR02626-002WJ), and 6 and 16-22 of Indictment (1:10CR02626-002WJ); said terms shall run concurrently.**

☒ The court makes the following recommendations to the Bureau of Prisons:

   **In order of preference: FPC Dublin, CA; FPC Phoenix, AZ; FPC Bryan, TX.**

☐ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at  on
   ☐ as notified by the United States Marshal.
☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on
   ☒ as notified by the United States Marshal
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.




_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Marjorie Roxby Mascheroni**
Case Number: **1:10CR02626-002WJ**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to each of Counts 1 of Information (1:10CR02626-002WJ), and 6 and 16-22 of Indictment (1:10CR02626-002WJ); said terms shall run concurrently.**
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Marjorie Roxby Mascheroni**
Case Number: **1:10CR02626-002WJ**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of her person, property, or automobile under her control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting if she is living outside of her means or if she has Restricted Data in her possession at the direction of the probation officer. She must inform any residents that the premises may be subject to a search.**

**The defendant will be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without prior approval of the probation officer. Upon full payment of the $20,000 fine in this matter, this condition will no longer be imposed.**

**The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest. Upon full payment of the $20,000 fine in this matter, this condition will no longer be imposed.**

**The defendant must complete 300 hours of community service as approved by the probation officer.**

**The defendant understands and agrees that she has a continuing legal obligation to refrain from the unauthorized oral or written disclosure of information belonging to the United States government. The defendant shall not disclose, communicate, transmit or disseminate in any way any classified information, including Restricted Data. The defendant understands and agrees that the law absolutely forbids her from disclosing, communicating, transmitting or disseminating any classified information, including Restricted Data, without regard to where or how the defendant learned or came into possession of the classified information, including Restricted Data. She further understands she is absolutely prohibited from disseminating any classified information even if said information can be found in a book, on the internet, or in any other source that is publicly available or not. The defendant further understands and agrees that she is prohibited from confirming or expanding upon the classification status or technical accuracy of any classified information, including Restricted Data, that may appear in any public source.**

**The defendant shall not communicate, in any way, verbally or in writing, to include oral disclosures in person, telephoning, mailing, writing, faxing, texting, emailing, skypeing, blogging, sending, delivering, communicating, transmitting, or otherwise disseminating, information relating to classified subject areas to which the defendant or her co-defendant were exposed while at LANL, nuclear science, nuclear weapons, nuclear testing, weapons testing, computer codes, inertial confinement fusion, nuclear fusion, nuclear fission, and nuclear and fusion energy (hereinafter individually and collectively referred to as a "communication"), without first obtaining the express written permission of the Department of Energy, Office of Classification (DOEOC) to do so. Nor shall she collaborate on, consult about, or otherwise assist or be involved with any such communication with any other person without first obtaining the express written permission of the DOEOC to do so. In order to request the DOEOC`s permission to make a communication, the defendant must timely contact the DOEOC in writing for instructions on how to submit, and then must submit pursuant to those instructions, the contents of the proposed communication to the DOEOC at the following address: Mike Kolbay, U.S. Department of Energy, Health, Safety, and Security, HS 93 (GTN) 1000 Independence Avenue SW, Washington D.C. 20585-1290, unless she is later instructed in writing by the DOEOC to submit**

the proposed communication in a different way or to a different entity or address. The DOEOC is not required to grant permission to the defendant and the manner and timeliness of the DOEOC`s review as well as the manner and timelines of information provided to the defendant about the review, are solely within the discretion of DOE. The application of this paragraph shall include, but not be limited to, any interviews of the defendant, or anyone representing or acting on behalf of the defendant, by the media or others, any documents she writes or has written in whole or in part and any other papers, books, writings, blogs, articles, films or other productions relating to the defendant, her time at LANL, and her husband`s disputes (scientific or otherwise with LANL, the government of the United States or any of its agencies, including DOE), the defendant`s husband`s scientific research or the events leading to her convictions. Any written communication sent by DOEOC to the defendant pursuant to this paragraph shall be sent to the defendant care of the United States Probation Office, 333 Lomas Blvd., NW, Albuquerque, New Mexico 87102.

The defendant hereby assigns to the United States any compensation, profits, proceeds, fee, honorarium, money, or payment of any kind (hereinafter individually and collectively referred to as "compensation") which she may otherwise be entitled to receive in connection with any publication or dissemination of information relating to her and her husband`s activities in relation to Venezuela, the undercover agent (including all documents and information provided by whatever means to the undercover agent), and the facts and circumstances from on or about October of 2007 through the date of the defendant`s sentencing in this matter. This assignment shall include, but not be limited to, any compensation to be provided to the defendant in connection with any book, writing, article, film, documentary, or other production. This assignment shall include all compensation for the benefit of the defendant, regardless of whether such compensation is payable to herself or to others, directly or indirectly, for her benefit or for the benefit of her associates or a current or future member of her family. The defendant shall not circumvent this assignment by assigning the rights to her and her husband`s story to an associate or to a current or future member of her family, or to another person or entity who would provide some financial benefit to the defendant, to her associates, or to a current or future member of her family. Moreover, the defendant shall not circumvent this assignment by communicating with an associate or a family member for the purpose of assisting or facilitating their profiting from a public dissemination, whether or not such an associate or other family member is personally or directly involved in such dissemination.

The defendant shall have no contact with any foreign government or agents thereof, except with the express written permission of the United States Probation Office, which shall not grant permission without the written consent of the FBI. The defendant shall not seek or accept, personally or through another person or entity, any benefit from any foreign government or agent thereof. Should a benefit be received by the defendant or some person or entity on her behalf, she hereby assigns any suck benefit to the United States. During all terms of supervised release, the defendant`s papers, documents, writings, computers, and all other electronic devices capable of processing or storing writings shall be subject to search by the United States Pretrial Services and Probation Office without notice to the defendant. The United States Pretrial Services and Probation Office is permitted to conduct such searches in such searches in coordination with and with the assistance of any federal law enforcement agency. The defendant agrees that she will not seek employment with the United States government, or any agency, department, or contractor thereof that requires a security clearance of any type. She further acknowledges and understands that both the United States Pretrial Services and Probation Office and United States Attorney`s Office are free to share with any prospective employer of the defendant the fact and circumstances of the defendant`s convictions in this case. The defendant further agrees that she will never again seek any type of security clearance from any type of governmental entity or contractor. The defendant acknowledges that the suspension and termination of her security clearance and her suspension with pay from her job at LANL were necessary and proper actions and the defendant agrees that she will not initiate any type of proceeding relating to the suspension

**or termination of her security clearance, her suspension with pay from her job, or her separation from LANL.**

Defendant: **Marjorie Roxby Mascheroni**
Case Number: **1:10CR02626-002WJ**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐      The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $900 | $20,000 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☒   In full immediately; or
B    ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Court directs counsel to meet with Probation to arrange a payment schedule for payment of the $20,000 fine.**

**Consistent with a stipulation in the Plea Agreement, the defendant forfeits her rights, title, and interest of all items listed in paragraph 9(a)(vi) of the Plea Agreement.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.